UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA J. TAYLOR, | ) | CASE NO.   5:08 CV 0274 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| VIVID VIDEO, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Teresa J. Taylor filed the above-captioned *in forma pauperis* complaint on February 4, 2008, against defendants Vivid Video, JM Productions, and TLA Group. Ms. Taylor asserts this court's jurisdiction based on violations of 18 U.S.C. § 71, "VAWA," "ADA,"[1] the International Human Rights Doctrine 1-30, and the First, Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendments of the United States Constitution. She is seeking $100,000,000.00 in damages.

---

[1] Inasmuch as Ms. Taylor fails to allege a disability discrimination claim based on an employment relationship or against a public entity, the court will not devote any analysis to the viability of an Americans with Disability Act (ADA) claim. *See* 42 U.S.C. §§ 12112 & 12132.

*Background*

Attached to the complaint is a copy of a "Model Release \ I.D. Verification" with a signature bearing the name "Teresa Taylor." The Release, dated August 3, 1998, between Ms. Taylor and Vivid Video provides, *inter alia*, Ms. Taylor's "irrevocable consent" to allow Vivid to copyright and use photographic images of the plaintiff. An additional attachment to the complaint is an electronic mail response from Marci Hirsch at Vivid Entertainment to Ms. Taylor, dated September 19, 2007. Ms. Hirsch explained to Ms. Taylor that the August 3, 1998 release was signed when Ms. Taylor "shot ACTION SPORTS SEX 2." She added that"[t]he titles, we believe you saw, with dates of production in 2003 and 2005, are compilations in which that scene was used," and that Vivid Video owns the footage. (E-mail from Marci Hirsch to Teresa Taylor, Sept. 19, 2007, 11:40:17 EST) (Doc. No. 1, Exh. 1.)

Ms. Taylor complains that in April 2007 the nude images taken by Vivid Video began appearing on the internet without her consent. Accompanying the images were sexually charged derogatory comments directed at the female in the photograph. Ms. Taylor does not object to the nude photographs, but to the phrases attached to the photographs which describe the unnamed woman, in part, as "stupid, dirty, and shallow." She asserts that this constitutes "violence against women," and is harmful to her reputation. Moreover, she maintains that this type of alleged abuse is "completely unnecessary to advertise adult film work." Ms. Taylor states that Vivid Video intentionally abused her because she signed the agreement while "suffering extreme mental illness rendering her previously incompetent." (Doc. No. 1, at 3.) Therefore, she did not knowingly sign any contract, nor did she consent to release her image.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## "CIVIL RIGHTS"
## 42 U.S.C. § 1983

Ms. Taylor alleges she was deprived of a right secured by the Constitution of the United States. To the extent she is asserting this court's jurisdiction, her claim would be cognizable under 42 U.S.C. § 1983, wherein she must establish that the deprivation of her constitutional rights was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155(1978); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir.1995).

Where, as here, a defendant is a private entity, the Sixth Circuit recognizes three tests for determining whether its conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir.1992). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Id.* at 1335.

---

[2]    A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

It is not necessary to apply the test to the defendants in this action. Ms. Taylor does not allege that the defendants are state actors or that their actions are fairly attributable to the state.

INTERNATIONAL HUMAN RIGHTS DOCTRINE

The court is unaware of the "International Human Doctrine;" however, it may be a reference to the Universal Declaration of Human Rights (UDHR).[3] The UDHR recognizes the right to be free from torture. UDHR, G.A. Res. 217A(III), U.N. GAOR, 3d Sess., U.N. Doc. A/810, at 71 (1948). The District of Columbia Circuit described the Universal Declaration as "merely a non-binding resolution." *Haitian Refugee Ctr. v. Gracey*, 809 F.2d 794, 816 n. 17 (D.C.Cir.1987). Moreover, at the time of its adoption in 1948, it was the explicit position of the United States that the Declaration "is not a treaty . . . [or] an international agreement" and that "[i]t is not and does not purport to be a statement of law or of legal obligation." 19 *Dep't State Bull*. 751 (1948) (remarks of Eleanor Roosevelt, then a U.S. delegate to the General Assembly). The UDHR is merely a resolution of the United Nations, and is neither binding on the United States nor on this court. *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 165 & n. 36, 167-68 & n. 38, 169 (2d Cir.2003).

VIOLENCE AGAINST WOMEN ACT

The court presumes Ms. Taylor's citation to the "VAWA," is a reference to the Violence Against Women Act, 42 U.S.C.A. § 13981. If this is true, she cannot proceed with her claim.

---

[3]Claiming intentional abuse in a prior complaint, Ms. Taylor cited the UDHR as a source of protection against international "human rights" abuse. *See Taylor v. F.B.I., et al.*, No. 5:08cv0004 (N.D. Ohio filed Jan. 2, 2008).

In 2000, the Supreme Court determined that: (1) the Commerce Clause did not provide Congress with authority to enact the civil remedy provision of VAWA, inasmuch as that provision was not a regulation of activity that substantially affected interstate commerce, and (2) the enforcement clause of the Fourteenth Amendment did not provide Congress with authority to enact the provision. *United States v. Morrison*, 529 U.S. 598 (2000). Since the Court has determined that the statute is unconstitutional, Ms. Taylor cannot pursue any civil claim under the VAWA.

*Conclusion*

For all the foregoing reasons, Ms. Taylor is granted leave to proceed *in forma pauperis* and her complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The court certifies that an appeal from this dismissal could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: March 19, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5]  28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."